UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CRIMINAL CASE NO. 21-18-DLB-EBA-2

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                **ORDER ADOPTING RECOMMENDED DISPOSITION**

WILLIS C. COCHRAN                                                     DEFENDANT

* * ** ** ** ** ** ** ** **

This matter is before the Court upon the Recommended Disposition ("R&R") of United States Magistrate Judge Edward B. Atkins (Doc. # 33), wherein he recommends that the Court deny Defendant Cochran's Motion to Suppress (Doc. # 27). Defendant Cochran has filed an Objection, (Doc. # 34), so the R&R is ripe for the Court's consideration. For the reasons that follow, the R&R is **adopted** as the opinion of the Court, and Cochran's Motion to Suppress is **denied**.

I.    **FACTUAL BACKGROUND**

Defendant Cochran was arrested in Ohio on April 16, 2020, on an outstanding warrant from Kentucky for his alleged participation in a bank robbery. (Doc. # 27 at 1). Upon arrival at the jail in Ohio, Cochran indicated that he felt like he was going to pass out and he fell, so emergency medical services ("EMS") tended to him. (*Id.* at 1-2). Cochran was then transported via ambulance to a nearby hospital in Kentucky for treatment. (*Id.* at 2). After hospital personnel treated Cochran, he was arrested and taken into custody by Boyd County, Kentucky police officers. (*Id.*). Later, Cochran made incriminating statements to Kentucky police. (*Id.* at 4).

1

Cochran has filed a Motion to Suppress arguing that Ohio police failed to hold Cochran in custody until his release was ordered by an Ohio judge or extradition proceedings were conducted in violation of the United States Constitution, state law, and Ohio's version of the Uniform Criminal Extradition Act ("UCEA").[1]  (*Id.* at 3-4).  Because of this alleged failure, Cochran contends that any statements he made to Kentucky police were improperly obtained and should be suppressed.  (*Id.* at 4-5).

## II.     REPORT AND RECOMMENDATION

In his R&R, Judge Atkins began by establishing that various sources of law touch on the issue of extradition: the United States Constitution, federal law, and state law. (Doc. # 33 at 3).  Beginning with the Extradition Clause of the United States Constitution, Judge Atkins found that nothing in the text conferred any rights onto fugitives; rather, it conferred rights and duties on the executive authorities of the states.  (*Id.* at 4) (citing U.S. Const. art IV, § 2, cl. 2).  The Extradition Clause also failed to establish procedures for interstate extradition, but 18 U.S.C. § 3182, also known as the Extradition Act, was enacted to solve that problem.  (*Id.*).  Yet, the Extradition Act also did not confer any rights onto a fugitive.  (*Id.*).  Consequently, Judge Atkins rejected Cochran's argument that he was transported into Kentucky "in violation of extradition rights clearly recognized under the United States Constitution . . ." as without merit.  (*Id.*) (quoting Doc. # 27 at 4).

In Judge Atkins' view, the only remaining avenue for Cochran's argument was the UCEA.  (*Id.*). Additionally, Judge Atkins noted that Cochran's suppression argument was limited to violations of his procedural rights under the UCEA because he failed to make arguments regarding the voluntariness of his statements or whether he was properly

---

[1]     The Ohio version of the UCEA is codified at Ohio Rev. Code §§ 2963.01-2963.29 and the Kentucky version is codified at Ky. Rev. Stat. §§ 440.010-440.30.

2

advised of his rights. (*Id.* at 5). Based on Sixth Circuit precedent, Judge Atkins rejected the idea that extradition provisions were designed to protect fugitives and instead found that law enforcement's failure to comply with established extradition procedures did not deprive a fugitive of any protected right. (*Id.*) (citing *Barton v. Norrod*, 106 F.3d 1289, 1295 (6th Cir. 1997)). Accordingly, Judge Atkins found that "Cochran's constitutional rights were not violated when he was transported from Ohio into Kentucky for purposes of medical treatment," and therefore Cochran failed to meet his burden of proof to warrant suppression. (*Id.* at 5).

For these reasons, Judge Atkins recommended that Cochran's Motion to Suppress be denied. (*Id.* at 6).

## III.    ANALYSIS

### A.    Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion." Under Federal Rule of Criminal Procedure 59(b)(1), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations." The district judge is required to "consider de novo any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Failure to object is considered waiver of the party's right to review. Fed. R. Crim. P. 59(b)(2).

3

Objections to a magistrate judge's recommended disposition must be "specific written objections to the proposed findings and recommendations." *Id.* This necessitates that "vague, general, or conclusory objections," will not be considered and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Further, an objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No. 5:09-cr-81-DLB-EBA, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alteration in original) (quoting *Smith v. Chater*, 121 F.3d 709, (6th Cir. 1997) (unpublished table decision)).

### B.     Defendant Cochran's Objection

Cochran makes one argument in his Objection: Judge Atkins erroneously found that Cochran's arrest did not afford him any rights under Ohio law. (Doc. # 34 at 2) (citing Ohio Rev. Code § 2963.30). Cochran argues that procedures dictating how to enforce extradition are left up to the states. (*Id.*). He maintains that Ohio authorities violated the UCEA when they allowed his transportation into Kentucky without pre-transfer proceedings or a waiver.[2] (*Id.* at 3). However, Judge Atkins addressed these arguments

---

[2]    Defendant Cochran also references the Interstate Agreement on Detainers ("IAD") in his Objection, but the Sixth Circuit has held that the IAD "contains no provision which could be construed to confer any rights under [it]." *Dean v. Seabold*, No. 88-5463, 1988 WL 129905, at * 1 (6th Cir. Dec. 7, 1988) (unpublished table decision). Furthermore, it is unclear whether the IAD even applies to Cochran because he was arrested temporarily by Ohio authorities on the Kentucky warrant and he was not "a prisoner [that was] serving a sentence," who was advised "that he [was] wanted to face pending criminal charges in another jurisdiction." *Cuyler v. Adams*, 449 U.S. 433, 436 n.3 (1981); *Barnett v. Clark*, No. 1:06-CV-235, 2008 WL 189856, at *3 ("A state

in his R&R and Cochran simply reiterates the arguments from his initial motion, therefore his Objection is improper. *See Shephard*, 2016 WL 9115464, at *1. Nonetheless, the Court will address Cochran's arguments on the merits.

The only question for the Court to consider is whether the UCEA afforded Cochran any rights, and if so, whether they were violated. The Sixth Circuit has made clear that "[n]either the Extradition Clause of the Constitution nor the federal extradition statute purports to confer any right on the fugitive." *Barton*, 106 F.3d at 1297. Likewise, the UCEA exists to facilitate the administration of justice between states, not to protect fugitives. *Id.* at 1295. While "the actual procedures for extradition are a matter of state law," the legislative history of the UCEA makes clear that Congress did not intend to confer federal rights upon fugitives; rather the UCEA exists to facilitate extradition. *Id.* at 1296-97. *Barton* also elucidated that "being transported across state lines without compliance with extradition procedures, without more, does not cause injury, [and] it does not make sense to create a cause of action." *Id.* at 1298, n.7. Therefore, *Barton* makes clear that Cochran was not entitled to any pre-transfer rights under the UCEA.

Additionally, this Court—and others within the Sixth Circuit—have time and again reiterated and followed the principles expressed in *Barton*.[3] *Barnett v. Clark*, No. 1:06-CV-235, 2008 WL 189856, at *8 (E.D. Tenn. Jan. 22, 2008) ("While this [c]ourt does not

---

seeking to bring charges against a prisoner who is serving a sentence in another jurisdiction begins the process by filing a detainer with the agency having custody of him.").

3   While the cases cited discuss *Barton* in the context of § 1983 claims, and Defendant makes his arguments in the form of a motion to suppress, these cases are still persuasive because the arguments all require the same inquiry: whether Cochran had existing rights and whether they were violated. Cochran even notes in his Objection that he "is not making a claim under 42 U.S.C. § 1983. However, it follows that the violation of extradition rights in this context is a violation of federal rights." (Doc. # 34 at 3).

5

condone [d]efendants' failure to comply with extradition procedures, this [c]ourt is bound by [*Barton*]."); *DuBose v. Evans*, No. 07-CV-13128, 2008 WL 2622951, at *4 (E.D. Mich. Apr. 9, 2008), *report and recommendation adopted*, No. 07-CV-13128, 2008 WL 2697175 (E.D. Mich. July 3, 2008) (The court relied on *Barton* to "suggest that no § 1983 cause of action challenging extradition procedures exists, especially where, as here, [p]laintiff has already been returned to the demanding state."); *Brewer v. Nagel*, No. 19-62-DLB, 2019 WL 2236081, at *2 (E.D. Ky. May 23, 2019) ("Dismissal is also required because an alleged violation of extradition procedures cannot form the basis for an action under Section 1983.") (citing *Barton*, 106 F.3d at 1295, 1298-99).  Even assuming *arguendo* that a § 1983 claim is dissimilar from the underlying arguments in Cochran's Motion to Suppress, *Barton* still controls—which makes clear that Cochran was not entitled to any rights under the UCEA—and therefore none were violated.  106 F.3d at 1297 ("We believe in this instance the legislative history clearly indicates Congress did not intend to confer such rights upon fugitives.").  Cochran is out of potential paths to assert a violation of pre-transfer extradition rights.  Thus, Judge Atkins was correct in his analysis of Cochran's claim and in his conclusion that Cochran's Motion to Suppress should be denied.

Accordingly, for all of these reasons, Defendant Cochran's Objection is **overruled**.

## IV. CONCLUSION

Ultimately, Defendant has failed to raise any meritorious legal objections to Magistrate Judge Atkins' Recommended Disposition.  Accordingly,

**IT IS ORDERED** as follows:

(1)     The Magistrate Judge's Recommended Disposition (Doc. # 33) is **ADOPTED** as the opinion of the Court;

6

(2)     Defendant Cochran's Objection (Doc. # 34) to the Recommended Disposition is **OVERRULED**;

(3)     Defendant's Motion to Suppress (Doc. # 27) is **DENIED**;

(4)     The time period from December 29, 2021, through today's date, totaling 154 days, is **excluded** from the provisions of the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(1)(D) & (H); and

(5)     This matter is scheduled for an in-court **Status Conference on Monday, June 13, 2022 at 10:30 a.m. in Ashland**.  The United States Marshals Service shall ensure that both Defendants Cochran and Knotts are present for that conference.

This 1st day of June, 2022.



Signed By:
*David L. Bunning*   DB
United States District Judge

K:\DATA\ORDERS\Ashland Criminal\2021\21-18 Order Adopting R&R.docx